# CURRENT OHIO COURT of APPEALS CASES
## Weekly Advance Abstract Opinions

No. 631
### ROOK v. DARLING
Ohio Appeals, 1st Dist., Hamilton County
No. 2300. Decided Jan. 28, 1924

182. BROKERS—1. Lumber brokers agreeing to endorse notes of purchaser entitled to commission on part paid for.

2. Cash or endorsed notes on balance prerequisite to commission collection.

BUCHWALTER, J.          Epitomized Opinior.
Published Only in Ohio Law Abstract

Rook brought an action to recover a brokerage commission of $473.19 for effecting a sale of three car loads of defendant's lumber to the Unit Construction Company of Philadelphia. The defendant, Darling, filed a cross-petition claiming that he had refused to accept the order for the lumber until plaintiff agreed in writing to endorse the notes of the Unit Construction Company to be given for the purchase price; that three cars were shipped, only one of which was paid for; that the Construction Co. has refused to pay or to give notes for the two remaining car loads and that the defendant has suffered damage by reason of the failure of plaintiff to endorse the notes. Defendant asked damages in the sum of $1,395.03.

The evidence disclosed that Rook agreed to endorse the notes to secure their collection in order to procure a 90-day credit. The first car load of lumber received was accepted and paid for. The other two car loads were rejected for the reason that they were not shipped in time. The Municipal Court dismissed the cross-petition and rendered judgment for plaintiff for the amount claimed. The Common Pleas Court reversed this judgment. Error was prosecuted to the Court of Appeals. In affirming the judgment of the Municipal Court in part and reversing the judgment of the Common Pleas Court, the Court of Appeals held:

1. As the claim of the defendant, Darling, against the Unit Construction Company was one for breach of contract and was not for failure to pay or give notes for lumber accepted by them, the commission broker was not liable for any damage caused to the defendant by reason of the Construction Company's refusal to accept the lumber.

2. Although the plaintiff was entitled to recover his commission for the carload of lumber accepted and paid for, before he can recover for the other two car loads, he must perform the conditions of the contract on his part, which required cash in 10 days or a 90-day note endorsed by him.

Attorneys—Walter K. Sibbald and Stuart B. Drucker, for Rook; Heintz & Heintz, for Darling; all of Cincinnati.